**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-7499**

───────────

TRAVIS LEON DAVIDSON,

                    Plaintiff - Appellant,

          v.

ROBERT RATLIFF; NICOLE MACE; WESLEY ROBINSON,

                    Defendants - Appellees.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:11-cv-01072-RBH)

───────────

Submitted:  February 27, 2012          Decided:  March 1, 2012

───────────

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

───────────

Remanded by unpublished per curiam opinion.

───────────

Travis Leon Davidson, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Leon Davidson seeks to appeal the district court's order adopting the magistrate judge's report and recommendation and denying relief on his 42 U.S.C. § 1983 (2006) complaint. The district court's final order was entered on July 22, 2011. We construe Davidson's notice of appeal as having been filed, at the earliest, on November 4, 2011, the date on his notice of appeal. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 277 (1988). In his notice of appeal, Davidson stated that he did not receive notice of the district court's order in time to file a timely notice of appeal.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is mandatory and jurisdictional. See Bowles v. Russell, 551 U.S. 205, 214 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

Davidson's notice of appeal is clearly untimely. However, under Rule 4(a)(6), the district court may reopen the time to file an appeal if (1) the moving party did not receive

2

notice of entry of judgment within twenty-one days after entry, (2) the motion is filed within 180 days of entry of judgment or within fourteen days of receiving notice from the court, whichever is earlier, and (3) no party would be prejudiced. We accordingly remand for the limited purpose of permitting the district court to determine whether Davidson is entitled to the benefit of Rule 4(a)(6) to reopen the time to file an appeal. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED